| | |
|---|---|
| WILLIAM L. THOMPSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| | ) |
| KEITH STONE,<br>    Defendants. | )<br>)<br>) |

On August 8, 2014, plaintiff was housed at the Nash County Detention Center and filed this civil rights action pursuant to 42 U.S.C. § 1983. Compl., D.E.1. The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff's complaint states the following: "[h]olding and messing with leagle [sic] mail, will not give out paper, pen, or penicel [sic]." He further states the jail will not let him speak to the press, and there is alleged interference with his "person" mail. The complaint continues that one officer "got a smart tone" when plaintiff asked a question, perhaps about his mail. Lastly, some inmates have had to sleep on the floor while plaintiff was housed at Nash, and plaintiff states that he has "been on the floor" five times. He names the sheriff as the only defendant. As relief, he seeks "all my mail," to speak with the press, $20,000 for the mail allegations and for jail officials not informing him of his father's death.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

There are numerous reasons that this case is properly dismissed on the frivolity review. To begin, defendant, the Sheriff of Nash County, appears to be named in his capacity as supervisor of the jail. However, liability under § 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).

Supervisory officials can be held liable for the acts of their subordinates only if a plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. See, e.g., Leach, 891 F.2d at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced

2

in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See, e.g., Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir. 1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See e.g. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Again, supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich.1989), aff'd, 915 F.2d 1574 (6th Cir.1990). Moreover, to be liable under § 1983, a plaintiff must show that defendants "acted personally" to deprive plaintiffs of their constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Accordingly, defendant may be dismissed on this basis, and as explained below, given that the substantive claims themselves fail, it would be futile for the court to seek amendment to name a proper defendant.

Thus, the court reviews each substantive claim. To begin, a prison personnel's use of taunting or threatening language and gestures are not cognizable claims under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir.1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal

3

harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§ ] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

To the extent Thompson challenges the inspection of his outgoing, non-privileged mail, it is well established that prison officials may inspect mail for contraband. Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974); see, e.g., United States v. Gordon, 168 F.3d 1222, 1228 (10th Cir.1999) ("In the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene." (internal quotation and citation omitted)). To the extent any of the mail at issue was legal mail, which may not be opened outside of the presence of the prisoner-addressee, see, e.g., Wolff, 418 at 575–77, to state a claim for a constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350–54 (1996). To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at

4

353 (footnote omitted); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Thompson's allegations fall far short of this standard. Moreover, Thompson has alleged (at most) isolated incidents of mail mishandling, which does not violate the Constitution. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983); Pearson v. Simms, 345 F. Supp. 2d 515, 519–20 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004) (per curiam) (unpublished). Thus, the court dismisses the claim.[1]

Plaintiff makes a general allegation of overcrowding wherein he had to sleep on the floor five times. Plaintiff does not provide a time frame in which this occurs, nor does he assert any other conditions such as increased violence due to temporary overcrowding at the jail. The claim fails to survive the initial review. See Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (holding evidence that cells were crusted with fecal matter, chipping paint, urine, and old food was sufficient to show a substantial risk of serious harm); Shannon v. Graves, 257 F.3d 1164, 1169 (10th Cir. 2001) (holding that blankets contaminated with sewage constituted substantial risk to human health); McBride v. Deer, 240 F.3d 1287, 1291–92 (10th Cir. 2001) (holding that three days in feces-covered cell states claim); DeGidio v. Pung, 920 F.2d 525, 533 (8th Cir.1990) (holding that continuing failure by prison officials to institute system to prevent the spread of tuberculosis violated the Eighth Amendment); Tillery v. Owens, 907 F.2d 418, 428 (3d Cir.1990) (holding that evidence of increased stress, anxiety, and depression, as well as the opportunity for

---

[1]The court notes that his claim that he is not provided with any paper or pencils is directly refuted by this complaint which is filled out and submitted in pencil on forms provided to him at the jail.

5

predatory activities and the spread of disease due to overcrowding and unsanitary conditions was sufficient to show Eighth Amendment violation).

Lastly, the court also finds that any claims not specifically addressed are nothing more than generalized and conclusory allegations without a basis in fact and meritless. White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (conclusory allegations of retaliation are frivolous).

Accordingly, the case is dismissed as frivolous. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 20 day of August 2015.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge